THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIIL TROFIMOVICH and BRITTANY TROFIMOVICH, husband and wife, and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | CASE NO. C16-1510-JCC<br><br>ORDER ON MOTION TO COMPEL |

This matter comes before the Court on the motion to compel by Defendant Progressive Direct Insurance Company (Dkt. No. 23). The issue in this case is whether Progressive was reasonable in denying Plaintiff Daniil Trofimovich's automobile damage claim. (*See id.* at 2, 4.) According to Progressive, Trofimovich, a Lyft rideshare driver, initially stated that he was working at the time of his accident and had a passenger in his vehicle. (*Id.* at 3.) He later stated that the passenger was not a paying customer and that he gave her a ride for free. (*Id.*) Progressive determined that Trofimovich was actually working at the time of the accident and denied coverage. (*Id.* at 4.)

Plaintiffs identified the passenger as non-party Taelor Dinson. (*Id.* at 3.) Progressive has attempted to take Dinson's deposition twice; both times, she failed to appear and testify, despite

being subpoenaed. (*Id.* at 5.) Progressive now asks the Court to (1) order Dinson to appear and testify at a deposition, and (2) if she fails to do so, find that Progressive is entitled to an inference that Dinson's testimony would not support Plaintiffs' argument that she was a non-paying passenger. (*Id.* at 1, 8.)

The Court has broad discretion in discovery matters. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Here, the Court determines that it is appropriate to order Dinson to appear and testify. Plaintiffs maintain that Progressive does not need her testimony, because it took a statement from her during its claim-handling process. (Dkt. No. 29 at 3.) However, Dinson is a key witness on a matter that is central to this case. It is not unreasonable to allow Progressive to depose her, particularly where it is unclear whether her previous statement was under oath. If Progressive is able to obtain Dinson's testimony prior to the Court's issuance of a summary judgment order, it may submit her testimony and, if possible, the Court will consider it. But given that there is other evidence of Dinson's version of events, the Court declines to delay ruling on the summary judgment motions.

Regardless of whether it is able to obtain her deposition testimony, Progressive will not be permitted to inform the jury that Dinson failed to appear at the first two depositions. There are plenty of reasons why a non-party would not want to become involved in a lawsuit, some of which have no bearing on credibility. Moreover, it was not Plaintiffs' fault that Dinson did not appear. To inform the jury of this fact has greater potential to prejudice him than any probative value as to the truthfulness of Dinson's testimony.

For the same reason, the Court also denies Progressive's request to inform the jury that it can draw a negative inference from Dinson's failure to testify, if she ultimately does not do so. Progressive cites *Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 2016 WL 6609208 (C.D. Cal. July 12, 2016) for the principle that "a negative inference is warranted where evidence is not made available to the aggrieved party." (Dkt. No. 23 at 8.) But in that case, the opposing party delayed in producing—and possibly destroyed—the requested evidence. *See Blumenthal*, 2016

WL 6609208 at *22. That is not the case here. Plaintiffs did not withhold the evidence; they have no control over Dinson's decisions. It would be unfair to hold Plaintiffs accountable for her.

For the foregoing reasons, the motion to compel (Dkt. No. 23) is GRANTED in part and DENIED in part. The Court ORDERS Taelor Dinson to appear and testify at Progressive's counsel's offices on a date certain and at a time certain. The Court otherwise DENIES Progressive's requests as to this testimony.

DATED this 31st day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE