THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIIL TROFIMOVICH and BRITTANY TROFIMOVICH, husband and wife, and their marital community,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | CASE NO. C16-1510-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's order finding in favor of Defendant on parties' cross-motions for summary judgment (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**A. Background**

Plaintiff Daniil Trofimovich is a Lyft driver who had automobile insurance coverage through Defendant Progressive Direct Insurance Company ("Progressive"). Trofimovich was in an automobile accident in June 2016. He first indicated to Progressive representatives that was working for Lyft at the time and had a passenger in his car; he later stated that he was not

working because the passenger was not a paying customer. Progressive initially determined Trofimovich was working at the time of the accident and denied coverage under the terms of his policy. (*See* Dkt. No. 34 at 1-3.) The Court ruled in Progressive's favor on cross-motions for summary judgment, dismissing Trofimovich's bath faith, breach of contract, Washington Consumer Protection Act ("WCPA"), and Washington Insurance Fair Contact claims. (Dkt. No. 34). Trofimovich now moves for reconsideration.

### B. Legal Standard

Plaintiffs label this as a motion for reconsideration; treated as such, the motion would be untimely under Local Rule 7(h). However, Plaintiffs make their argument under Federal Rule of Civil Procedure 59(e). (See Dkt. No. 41 at 2.) As the motion is timely under Rule 59(e), the Court construes the request as a motion to amend judgment. See Fed. R. Civ. P. 59(e).

"A district court has considerable discretion when considering a motion to amend judgment under Rule 59(e)." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). A Rule 59(e) motion may be granted where one of the following is established: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; 2) the moving party presents "newly discovered or previously unavailable evidence"; 3) the motion is necessary to "prevent manifest injustice"; or 4) there is an "intervening change in controlling law." *Id.*[1] Because Plaintiffs do not allege any newly discovered evidence, change in law, or manifest injustice, the Court will consider whether there was manifest error in ruling in Defendant's favor on cross-motions for summary judgment.

### C. Discussion

The Court's dismissal of Plaintiffs' claims on summary judgment rested on its finding

---

[1] Similarly, motions for reconsideration are disfavored in this District. Local Civ. R. 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

that Progressive's initial denial of Trofimovich's insurance claim was reasonable as a matter of law. (Dkt. No. 34). Plaintiffs allege manifest error in the Court's analysis of facts concerning evidence available to Progressive when it denied Trofimovich's claim, Progressive's failure to respond to Trofimovich's communication after the initial denial of coverage, and Washington law regarding Progressive's duty to investigate the claim. (*Id*. at 2-3.)

Plaintiffs argue that given the balance of pre-denial evidence before Progressive and available opportunities to obtain more information, the insurer had an affirmative legal duty to further investigate before denying his claim. (Dkt. No. 31 at 3.) Plaintiffs conclude that based on these facts, a reasonable juror could find that Progressive acted unreasonably, and thus the Court erred in granting summary judgment. (*Id*.)

Plaintiffs portray Progressive's pre-denial claim file as containing Trofimovich's explanation that he had no paying customer when the accident occurred, a statement from his passenger to the same effect, and a screenshot showing no paying fares at the time in question. (*Id*.) Plaintiffs assert that the Court committed error in balancing this evidence and note that the Court's order does not reference the passenger's corroborative statement to Progressive. (*Id*. at 1.) However, the passenger's alleged statement is not cited to in this motion or referenced in Plaintiff's briefing. Furthermore, the Court previously indicated that the screenshot in the record did not actually show ride information from the time of the accident, and the case file also contained Trofimovich's statement at the accident scene that he had a passenger in the car. (Dkt. No. 34 at 2, 3.) Plaintiffs discount this statement as "misinterpretation." (Dkt. No. 41 at 3.)

Whether or not Progressive's interpretation of the evidence was *correct* is not the issue. Rather, the Court asked if it was *reasonable* for Progressive to deny Trofimovich's claim based on this evidence and without further investigation. *See Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003) (reasonableness of insurance claim denial can be decided as a matter of law where the insurer "can point to a reasonable basis for its action"). Plaintiffs repeat the argument that given "the balance of evidence [favoring] coverage," reasonable minds could differ as to

1 whether denying coverage without further inquiry was reasonable, creating an issue of fact for
2 trial. (Dkt. No. 41 at 3.) However, the Court examined Trofimovich's evidence and found
3 Progressive had a reasonable basis for denying his claim and thus had no legal duty to seek
4 additional information. (Dkt. No. 34 at 5.) Washington case law supports dismissal of Plaintiffs'
5 claims on summary judgement on this basis. *See Smith*, 78 P.3d at 1277. The Court also
6 dismissed Plaintiffs' WCPA claims on the same finding that Progressive had a "reasonable
7 justification for denying coverage." *See Keller v. Allstate Ins. Co.*, 915 P.2d 1140 (Wash. Ct.
8 App. 1996). Plaintiffs do not point to a specific error of law on these points.

Plaintiffs' motion raises no manifest errors of fact or law that would require the Court to amend its judgment. Plaintiffs' claims are merely relitigation of issues the Court has already decided. Challenges such as these are properly argued on appeal, not in a Rule 59(e) motion. The motion is DENIED.

DATED this 19th day of September, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE